IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL P. WAGNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-564-GBW |
| | ) |
| LOWE'S HOME IMPROVEMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Michael P. Wagner, Magnolia, Delaware. Pro Se Plaintiff.

October 21, 2022
Wilmington, Delaware

**WILLIAMS, U.S. DISTRICT JUDGE:**

Plaintiff Michael P. Wagner filed this personal injury action on April 28, 2022. (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) He asserts jurisdiction by reason of diversity of the parties pursuant to 28 U.S.C. § 1332. The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## I. BACKGROUND

The following facts are taken from the Complaint and assumed to be true for screening purposes. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff was injured while driving in the Lowe's parking lot. Plaintiff is a resident of Delaware, as are Defendants Deanna, a manager at the Camden, Delaware Lowe's, Heather, a customer service counter clerk at the Camden County Lowe's, and Lowe's of Camden, Delaware. (D.I. 2 at 2; D.I. 2-1 at 1) The remaining Defendants have addresses in Mooresville, North Carolina. (D.I. 2 at 2) Plaintiff seeks more than $75,000 in compensatory damages. (*Id.* at 3)

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v.*

1

*Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a

2

claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

3

## III. DISCUSSION

The Complaint does not confer this Court with jurisdiction. There is not complete diversity of citizenship among the parties and, therefore, there is no diversity jurisdiction under 28 U.S.C. § 1331. The Complaint names seven Defendants, three of whom are citizens of the State of Delaware as is Plaintiff. "Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires the existence of complete diversity between the parties— that is, no plaintiff can be a citizen of the same state as any of the defendants." *Siravo v. Crown, Cork & Seal Co.*, 256 F. App'x 577, 579 (3d Cir. 2007) (quoting *Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003) (internal quotation marks and citations omitted). In addition, the Complaint does not raise any claims under federal law to confer this Court with subject matter jurisdiction.

Because the requisites for diversity jurisdiction have not been met and there is no federal question, this Court does not have jurisdiction matter over this action.

## IV. CONCLUSION

For the above reasons, the Court will dismiss the Complaint for want of jurisdiction. Amendment is futile.

An appropriate Order will be entered.

4